UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| DAVID W. POYDRAS | CIVIL ACTION NO. 10-cv-1645 |
| VERSUS | JUDGE HAIK |
| KEVIN J. MARTIN, CHAIRMAN FEDERAL COMMUNICATIONS COMMISSION, ET AL. | MAGISTRATE JUDGE HANNA |

## REPORT  AND  RECOMMENDATION

This matter is before this Court for initial review.  *Pro se* plaintiff David W. Poydras, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on October 20, 2010.  Also pending before this Court are Mr. Poydras's motion for the appointment of counsel (Rec. Doc. 4) and his motion for writ of *habeas corpus ad testificandum* (Rec. Doc. 5).

For the reasons fully explained below, it is recommended that both motions be denied and that the complaint be dismissed.

### FACTUAL  BACKGROUND

In his complaint (Rec. Doc. 1), Mr. Poydras alleges that he is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.  He further alleges that, from February 15, 1986 to February 18, 1986, before he was arrested for the crimes of

which he was convicted and for which he is currently incarcerated, he viewed local television news broadcasts that hypnotized him.   In this lawsuit, he sued three defendants:    Kevin J. Martin, the chairman of the Federal Communications Commission (hereinafter "FCC"); John Doe, the unidentified "director" of KLFY, a television station operating in Lafayette, Louisiana (hereinafter "KLFY"); and Dr. Ted Friedberg, a psychologist, who is identified in the complaint as the "director" of Acadiana Mental Health in Lafayette, Louisiana.

Mr. Poydras contends that Dr. Friedberg and KLFY used the federal airways to hypnotize him in violation of his constitutional right to privacy, resulting in his arrest while he was still hypnotized.  He also contends that Dr. Friedberg visited him in jail and continued to hypnotize him, resulting in his being in a coma-like state from which he is just now beginning to awaken.  Although this lawsuit is styled a civil rights complaint, Mr. Poydras does not seek to recover damages nor does he seek any kind of redress for the alleged actions by the defendants in hypnotizing him and leading to his arrest.   Similarly, he does not seek, in this lawsuit, to have his conviction or sentence overturned.  Instead, he seeks only to obtain a videotape or transcript of the local news programs that allegedly hypnotized him.  In particular, Mr. Poydras claims that he has written to the FCC and KLFY "for a copy of the tape to no avail.  Now request is made in this judicial forum...."  (Rec. Doc. 1 at 4).

## LAW AND ANALYSIS

**I.   THE COMPLAINT SHOULD BE DISMISSED AS FRIVOLOUS AND/OR FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.**

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. § 1983, the court is obliged to evaluate the complaint and dismiss it without service of process if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.[1]

A claim is frivolous if it lacks an arguable basis in law or in fact.[2]  A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint.  Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true.[3]

---

[1]       28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2); *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

[2]       *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); see, *Denton v. Hernandez*, 504 U.S. 25 (1992).

[3]       *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A hearing need not be conducted for every *pro se* complaint.[4]  A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone.[5]  In this case, the undersigned finds that no hearing is necessary.

### A.   THE DEFENDANTS CANNOT BE HELD LIABLE BECAUSE THEY ARE NOT STATE ACTORS

Mr. Poydras brought this lawsuit pursuant 42 U.S.C. § 1983.  To state a claim under Section 1983, a plaintiff must allege facts tending to show (1) that he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) that the deprivation was caused by a person or persons acting under color of state law.[6]  Neither KLFY nor Dr. Friedberg is a state actor.  They are private citizens unconnected to the state.  Accordingly, these two defendants were not acting under color of state law when they allegedly harmed Mr. Poydras, and as a result, they cannot be held liable under Section 1983.  His claims against them should be dismissed as frivolous and for failing to state a claim on which relief may be granted.

---

[4]    *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5ᵗʰ Cir. 1991).

[5]    *Green v. McKaskle*, 788 F.2d 1116, 1120 (5ᵗʰ Cir. 1986).

[6]    *Resident Council of Allen Parkway Village v. U.S. Dept. of Housing & Urban Development*, 980 F.2d 1043, 1053 (5ᵗʰ Cir. 1993); *Bass v. Parkwood Hospital*, 180 F.3d 234, 241 (5ᵗʰ Cir. 1999); *Wong v. Stripling*, 881 F.2d 200, 202 (5ᵗʰ Cir. 1989).

The third defendant, the chairman of the Federal Communications Commission, is an employee of the federal government.  Therefore, the plaintiff's Section 1983 claim against him also fails because the second element cannot be established. Federal officials, acting under color of federal law rather than state law, are not subject to suit under Section 1983.[7]  Because the FCC is a federal agency, and its chairman is a federal employee, the FCC and its chairman act under color of federal law.  Consequently, Mr. Poydras has not stated a claim against the FCC chairman under Section 1983.  The claim against him should be dismissed as frivolous and for failing to state a claim on which relief may be granted.

**B.    THE FCC CHAIRMAN DEFENDANT CANNOT BE HELD LIABLE UNDER *BIVENS***

Under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*,[8] a federal actor may be sued for alleged constitutional violations.[9]  This Court must liberally construe Mr. Poydras's complaint because he is acting *pro se* and will,

---

[7]    *Broadway v. Block*, 694 F.2d 979, 981 (5th Cir. 1982).

[8]    403 U.S. 388 (1971).

[9]    See *Izen v. Catalina*, 398 F.3d 363, 367 n. 3 (5th Cir. 2005).

therefore, construe the complaint as asserting a *Bivens*-type claim against the chairman of the FCC.[10]

However, a *Bivens* claim may only be brought against federal agents in their individual capacities and cannot be brought against the federal government, a federal agency, or a federal employee acting in his official capacity.[11]  To the extent that Mr. Poydras sued the FCC chairman in his official capacity, the suit must be dismissed for failure to state a *Bivens* claim for which relief could be granted.  To the extent that Mr. Poydras sued the FCC chairman in his individual capacity, however, the suit must also be dismissed since Mr. Poydras has made no allegations of wrongdoing on the part of the FCC or its chairman whatsoever.  Instead, Mr. Poydras has argued only that the other two defendants used the federal airways to transmit the news programs that allegedly hypnotized him and that the FCC has not honored his request for copies of the subject news broadcasts.  Thus, no claim is being made against the chairman of the FCC in his individual capacity.

There being no valid basis for a *Bivens* claim against the FCC chairman, it is recommended that the claim against him be dismissed.  Mr. Poydras apparently sued

---

[10]      See *Witherspoon v. White*, 111 F.3d 399, 400 n. 1 (5th Cir. 1997) (construing § 1983 claim as *Bivens* claim against federal defendants).

[11]      *Taylor v. United States*, 292 Fed. App'x 383, 388 (5th Cir. 2008).  See also *FDIC v. Meyer*, 510 U.S. 471, 484-486 (1994).

the FCC chairman solely for the purpose of seeking to compel him to provide a videotape or transcript of the subject news programs.  But there is no basis for such relief under Section 1983 or under *Bivens*.  Again, therefore, Mr. Poydras's claim should be dismissed as frivolous and/or for failure to state a claim for which relief may be granted.

### C.   THE PLAINTIFF HAS NOT ALLEGED A CONSTITUTIONAL VIOLATION.

Finally, there is another independent reason why Mr. Poydras's complaint should be dismissed.  The threshold inquiry in any Section 1983 case is whether the plaintiff has identified the constitutionally-protected right that was allegedly violated.[12]  By means of this lawsuit, Mr. Poydras seeks to acquire a videotape or transcript of the news broadcasts that allegedly hypnotized him back in 1986.  Although Mr. Poydras alleges in his complaint that his constitutional right to privacy was violated when the news broadcasts that allegedly hypnotized him enter his home over the airwaves, he is not seeking to redress that violation in this lawsuit.  He is seeking only to obtain videotapes or transcripts of the subject broadcasts.  His complaint contains no allegation concerning how his constitutional rights have been

---

[12]     *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002), citing *Baker v. McCollan*, 443 U.S. 137, 140 (1979) (stating that the first step in a § 1983 analysis is to identify the specific constitutional right involved); *Garcia v. Reeves County, Tex.*, 32 F.3d 200, 202 (5th Cir. 1994).

violated by his not being able to obtain those materials.[13]  Consequently, Mr. Poydras
has made no showing that he is seeking, in this lawsuit, to redress a violation of his
constitutional rights.  For that reason, his complaint should be dismissed as frivolous
and/or for failing to state a claim for which relief may be granted.


## II.   PENDING MOTIONS

Also currently before this Court are Mr. Poydras's motion for the appointment
of counsel to represent him in this lawsuit (Rec. Doc. 4) and his motion for a writ of
*habeas corpus ad testificandum* to compel his presence and that of several other
persons at an as yet unscheduled hearing before the Court (Rec. Doc. 5).  Both
motions lack merit and should be denied.


### A.   THE MOTION FOR APPOINTMENT OF COUNSEL SHOULD BE DENIED.

A civil rights complainant has no right to the automatic appointment of
counsel.[14]  An indigent plaintiff has no right to counsel in a civil rights action unless

---

[13]        See, e.g., *Rodgers v. State of Texas*, 2004 WL 764946, 2 (N.D. Tex. 2004) (failure
to provide plaintiff with a copy of the results of his polygraph examination does not violate any
constitutional or federal right), citing *Clay v. City of San Francisco*, No. C97-307 SI (PR), 1997 WL
142800, at 1 (N.D. Cal. 1997) (failure to provide copies of medical records does not violate any right
secured by the Constitution or laws of the United States).

[14]        *Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982) (per curiam); *Wright v. Dallas County
Sheriffs Department*, 660 F.2d 623, 625-26 (5th Cir. 1981).

exceptional circumstances exist.[15]  The term "exceptional circumstances" generally relates to the type and complexity of the case and the ability of the plaintiff to present his claim.[16]  The following factors should be considered when ruling on a request for appointment of counsel in a Section 1983 case:  (a) the type and complexity of the case; (b) whether the indigent is capable of presenting his case adequately; (c) whether he is in a position to investigate his case adequately; and (d) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.[17]  The district court should also consider whether appointment of counsel would be of service to the plaintiff, the court, and the defendant by sharpening the issues of the case.[18]

Here, the undersigned is recommending that Mr. Poydras's complaint be dismissed after initial review because, even when his allegations are viewed favorably, he has failed to state a claim upon which relief can be granted and the claims that are presented in his complaint are frivolous.  Appointing counsel to represent Mr. Poydras would be of no service to the court and would unnecessarily

---

[15]     *Norton v. E.U. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997).

[16]     *Robbins v. Maggio*, 750 F.2d 405, 412 (5th Cir. 1985).

[17]     *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

[18]     *Parker v. Carpenter*, 978 F.2d at 193; *Ulmer v. Chancellor*, 691 F.2d at 213.

increase the cost and extend the length of this frivolous litigation.  This Court is given considerable discretion in determining whether to appoint counsel for an indigent plaintiff in a civil rights case.[19]  Having considered the relevant factors and the unique allegations made in this case, the undersigned finds that appointment of counsel is not required or warranted in this case.  Accordingly, the undersigned recommends that the Court exercise its discretion and deny Mr. Poydras's motion for appointment of counsel.

### B.   THE MOTION FOR *HABEAS CORPUS AD TESTIFICANDUM* SHOULD BE DENIED.

There currently is no hearing or other court proceeding scheduled to be held. Therefore, there is no reason why Mr. Poydras or any of the persons listed in his motion for *habeas corpus ad testsificandum* should be compelled to appear in court at any foreseeable time.

In his motion, Mr. Poydras states that he and the listed witnesses should be compelled to appear in court to "establish that Poydras [sic] life is in danger because defendant's friend's [sic] and protector's [sic] will kill anyone testifying against them."  (Rec. Doc. 5 at 1).  This claim is totally lacking in foundation, logic, or

---

[19]    *Ulmer v. Chancellor*, 691 F.2d at 211.

common sense.  Furthermore, Mr. Poydras made it clear in his complaint that all he is currently seeking to accomplish by filing this lawsuit is obtaining a videotape or transcript of the subject news broadcasts.  Compelling the persons listed in his motion to appear in court would not, in any way, assist in achieving or expediting the relief sought.  To the contrary, the motion for *habeas corpus ad testificandum* is wholly unrelated to the relief sought in the complaint.  For these reasons, it is recommended that the motion be denied.

### CONCLUSION AND RECOMMENDATION

The undersigned finds that the complaint filed in this lawsuit by the plaintiff, David W. Poydras, is frivolous and fails to state a claim upon which relief can be granted.  Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** on the basis that it is frivolous and fails to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the clerk of court.

A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 4th  day of January, 2011.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

-12-